IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02572-WYD

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

ZITA L. WEINSHIENK,
BOYD N. BOLAND,
ROBERT M. BLACKBURN,
RON WILEY,
JACK FOX,
CHRISTOPHER SYNSVOLL,
DIANA J. CRIST,
MICHELLE BOND,
WENDY HEIM,
RICK MARTINEZ,
C/O ROY,
C/O HERMAN,
MARK COLLINS,
TENA SUDLOW, and
GEORGE KNOX,

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff Montgomery Carl Akers has filed *pro se* on September 16, 2009, "Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) and 60(b) Regarding the Court's Order Dismissing the Complaint of the Plaintiff on September 09, 2009," ("Motion to Reconsider"), and "Plaintiff's Motion to Commence a Civil Action in the Above Case in Caption as is Required of Plaintiff Montgomery Carl Akers Per a Sanction Order Placed Upon Him in Case No. 94-cv-2445-LTB (D. Colo. 1995) Before

He Can File a Pro-Se Civil Action in this Court" ("Motion to File a Pro Se Action"). Mr. Akers asks me to reconsider and vacate my Order of Dismissal and the Judgment filed in this action on September 9, 2009, and to grant him leave to proceed *pro se* in this action. I must construe the motions liberally because Mr. Akers is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Akers filed the Motion to Reconsider within ten days after the Judgment was entered in this action on September 9, 2009. Therefore, I will consider the Motion to Reconsider pursuant to Rule 59(e). **See id**. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

I dismissed the instant action without prejudice because Mr. Akers failed to comply with a sanction order that restricts his ability to file *pro se* actions in this Court. **See Akers v. Sandoval**, No. 94-cv-02445-LTB (D. Colo. June 20, 1995); **aff'd**, 100 F.3d 967 (10th Cir. 1996). In 94-cv-02445-LTB, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the
> United States District Court for the District of Colorado
> without representation by an attorney licensed to practice in
> the State of Colorado or duly admitted to practice in the
> United States District Court for the District of Colorado
> unless he first obtains leave of court to proceed pro se.

*Id*. at 3.  I determined that Mr. Akers failed to comply with this sanction order because he is not represented by an attorney and he failed to obtain leave to proceed *pro se* in this action.  In fact, Mr. Akers failed even to file a motion seeking leave to proceed *pro se* in conjunction with his Prisoner Complaint in this action.

Mr. Akers alleges in the Motion to Reconsider that he initiated this action by submitting to the Court a Prisoner Complaint, a motion seeking leave to proceed *in forma pauperis*, and a motion to proceed *pro se*.  He also argues that I committed clear error by not ordering him to comply with the sanction order prior to dismissing this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Akers fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Court's docketing records do not indicate that Mr. Akers filed a motion seeking leave to proceed *pro se* when he initiated this action in November 2008 and the sanction order specifically provides that he may not file a *pro se* action in this Court unless he first obtains leave to proceed *pro se*.  Mr. Akers was not entitled to an opportunity to comply with the sanction order before his noncomplying Prisoner Complaint was dismissed.  Furthermore, Mr. Akers' assertion that he filed a motion seeking leave to proceed *in forma pauperis* when he initiated this action also is incorrect and he still has failed either to pay the filing fee for this action or

to file a motion seeking leave to proceed *in forma pauperis* in this Court in this action. Therefore, the Motion to Reconsider will be denied. The Motion to File a Pro Se Action also will be denied because that motion was not filed in a timely manner in accordance with the sanction order in 94-cv-02445-LTB. Accordingly, it is

ORDERED that the Motion to Reconsider (docket #20) and the Motion to File a Pro Se Action (docket #21) filed on September 16, 2009, are denied.

DATED at Denver, Colorado, this 1st day of October, 2009.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL, Chief Judge
United States District Court